**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

IN RE: JANICE HALGREN,
_____

    Janice Halgren,

        Appellant,
v.

    Medical Management Group, Inc.,

        Appellee.
_____/

Case No. 09-11563

(Lien Appeal)

Honorable Denise Page Hood

## ORDER DISMISSING LIEN APPEAL

**I.    BACKGROUND**

This matter is before the Court on a Notice of Appeal from the Lien Judge's decision issued before the Settlement Facility-Dow Corning Trust ("SF-DCT"). Appellant Janice Halgren asserts that the Lien Judge's decision awarding Appellee Medical Management Group, Inc.'s lien request in the amount of $2,500 for an ultrasound it performed on Halgren should be overturned. Halgren asserts that the Proof of Lien form filed by Medical Management was not timely filed before the SF-DCT and that Medical Management was not truthful when she was told that the ultrasound would not be covered by her insurance. No response was filed by Medical Management to Halgren's appeal.

The Court has subject matter jurisdiction over the post-confirmation lien appeal pursuant to 28 U.S.C. § 1334(b) because the Lien Judge's decision could conceivably have an effect on the estate being administered in bankruptcy. *See In re Wolverine Radio Co.,* 930 F.2d 1132,

1141 (6th Cir. 1991); *Browning v. Levy,* 283 F.3d 761, 773 (6th Cir. 2002).  The Court retains jurisdiction to interpret and enforce confirmed plans of reorganization.  *See In re Thickstun Bros. Equip. Co., Inc.,* 344 B.R. 515, 522 (6th Cir. B.A.P. 2006); *In re Beta Int'l, Inc.,* 210 B.R. 279, 284 (E.D. Mich. 1996).  The Amended Joint Plan of Reorganization ("Plan") provides that the Court has the authority to resolve controversies and disputes regarding the interpretation of the Plan and Plan Documents, which includes the Settlement Facility and Fund Distribution Agreement ("SFA")  *See* Amended Joint Plan, § 8.7.3; SFA, §§ 4.01 and 10.09.  The Court reviews *de novo* the Lien Judge's findings of fact and conclusions of law.  28 U.S.C. § 157(c)(1).

The June 30, 2005 Amended Stipulation and Order Establishing Procedures for the Review of Asserted Liens Against Settling Implant Claimants ("Lien Review Procedures") provide that a "party may appeal the decision of the Lien Judge by filing a Notice of Appeal with the District Court within 14 days of the date of the notice from the SF-DCT providing the decision of the Lien Judge."  (Lien Review Procedures, § 7.01)  The Lien Review Procedures apply to disputes between claimants who have been determined to be eligible and have been paid by the SF-DCT and persons or entities who assert the right to receive a portion of the payments to the claimants from the SF-DCT. (Lien Review Procedures, § 1.01)  Section 6.05 of the Lien Review Procedures provides that all expenses incurred sought to be recovered must be reasonable in relation to the work performed and the result obtained.  (Lien Review Procedures, § 6.05)

As to the late submission issue, the Lien Judge found that "Section 10.02 of the 'Procedures' states that 'to comply with the deadline, a submission must be postmarked by the date of the deadline.'"  (Lien Judge Decision, Ex. to Appeal)  Although the postmark was not available, the Lien Judge found that the Proof of Lien form was timely filed because the form

2

was dated April 2, 2008, the form could have been mailed either on April 2 or 3, 2008, which would have been within the deadline and is compatible with the date of receipt by SF-DCT. (*Id.*) The Lien Judge also found that the Proof of Lien form did not contain any information which was not already on file with the SF-DCT. (*Id.*) The Court agrees with the Lien Judge's findings that the Proof of Lien form was timely filed under the Procedures.

The Court also agrees with the Lien Judge's finding that based on the documents before him, the lien asserted by Medical Management for the ultrasound is valid in the amount of $2,500.00. It is noted that the Lien Judge did not award Medical Management's request for an additional $125.00 in "fees/expenses" since that amount was not properly documented.

Reviewing the Lien Judge's decision and the documents submitted by Halgren, the Court finds that the Lien Judge did not err in his conclusion that Medical Management is entitled to the lien asserted in the amount of $2,500.00. Halgren's request to overturn the Lien Judge's decision is denied.

Accordingly,

IT IS ORDERED that Appellant Janice Halgren's Appeal (**Doc. No. 1**) is DENIED.

IT IS FURTHER ORDERED that this action is DISMISSED.

                                               */s/ Denise Page Hood*
                                               DENISE PAGE HOOD
                                               United States District Judge

DATED: September 28, 2012

## CERTIFICATE OF SERVICE/MAILING

I certify that a copy of this document was served on this date electronically or by ordinary mail to all parties in interest.

Date: September 28, 2012                          *s/ Sarah Schoenherr*
                                                               Deputy Clerk (313) 234-5090